UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-00367-JPH-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CONNIE O'BRIEN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cr-00367-JPH-MJD |
| ) | |
| CONNIE O'BRIEN, ) | -01 |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Connie O'Brien seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Ms. O'Brien's motion is **denied**.

**I. Background**

In 2019, Ms. O'Brien pled guilty to one count of conspiracy to possess with intent to distribute and/or distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkts. 87, 88. According to the presentence investigation report, Ms. O'Brien conspired to sell methamphetamine with her co-defendant. Dkt. 83. The amount of methamphetamine reasonably foreseeable to Ms. O'Brien was at least 150 grams of actual methamphetamine. The Court sentenced Ms. O'Brien to 204 months of imprisonment and 10 years of supervised release. Dkt. 88. The Bureau of Prisons (BOP) lists Ms. O'Brien's anticipated release date, including good-conduct time, as April 25, 2033. *See* https://www.bop.gov/inmateloc/ (last visited Oct. 11, 2022).

Ms. O'Brien filed her first motion for compassionate release in 2020, which was eventually denied by the Court when Ms. O'Brien failed to respond to the Court's Order requiring her to show cause why the Court should not deny her motions for compassionate release because the COVID-

2

19 pandemic no longer presents an extraordinary and compelling reason for release in light of her vaccination. Dkt. 137. Ms. O'Brien filed a second motion for compassionate release less than two weeks later. Dkt. 141. The Court appointed counsel, dkt. 142, but counsel thereafter withdrew without filing any substantive submissions on Ms. O'Brien's behalf, dkt. 148. The Court ordered Ms. O'Brien to supplement her motion pro se, dkt. 148, and Ms. O'Brien complied, dkts. 149, 154. In her motions, Ms. O'Brien argues that she establishes extraordinary and compelling reasons for compassionate release because she is at risk of severe illness should she contract COVID-19 due to her underlying medical conditions (chronic COPD, emphysema, sleep apnea, asthma, high blood pressure, PTSD, ADHD, association and disassociation, compulsive disorders, hernia). Dkts. 141, 149. Ms. O'Brien also appears to request release based on her medical conditions without consideration of her COVID-19 risk. The United States filed a response brief, dkt. 153, and Ms. O'Brien filed a reply, dkt. 154. Thus, the motion is now ripe.

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and

3

compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Ms. O'Brien's first reason for requesting release—the risk to her physical health presented by COVID-19, particularly in light of her medical conditions—is unavailing, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Ms. O'Brien is fully vaccinated, dkt. 131, and she has presented no evidence that she is unable to receive or benefit from the vaccine. Additionally, Ms. O'Brien "has not presented any evidence establishing that [she] is more at risk for an adverse outcome in prison than [she] would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, she has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). The BOP also reports that, as of September 30, 2022, no inmates or staff members at Ms. O'Brien's current facility (FCI Hazelton) have active cases of COVID-19. https://www.bop.gov/coronavirus/ (last visited Oct. 11, 2022). For these reasons, Ms. O'Brien has not carried her burden to show that the risk she faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Ms. O'Brien also appears to argue that she should be released because of her serious medical conditions, identified above. These health conditions, however, are also not an extraordinary and compelling reason to release her, whether considered alone or together with any other reason. Ms. O'Brien does not argue that her diseases are currently end-stage or terminal, nor does she argue that she is unable to engage in self-care in the prison or that she is otherwise incapacitated. If released, she states that she plans to volunteer as a child advocate in Mexico and speak about various social issues. Dkt. 154. Based on these facts, the Court declines to exercise its discretion to find that Ms. O'Brien's medical conditions constitute an extraordinary and compelling reason for compassionate release. To the extent Ms. O'Brien is not receiving what she believes to be proper treatment for her medical conditions, such allegations might form the basis for relief in a civil suit filed in Ms. O'Brien's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

Given the determination that Ms. O'Brien has not shown extraordinary and compelling reasons to justify her release, the Court need not address whether she is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of her release. Even if she had made such a showing, however, the Court would nevertheless find that Ms. O'Brien is not entitled to compassionate release because the § 3553 factors do not weigh in her favor. [1] Ms.

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing

O'Brien will live with her fiancé if released and plans to volunteer for various organizations. Dkt. 154. She has completed many programs and classes and states that she has community support. Dkt. 149 at 13. Weighing heavily against her, however, is the fact that Ms. O'Brien's crimes were serious, and she has a lengthy criminal record that includes many instances of her parole/probation being revoked. Dkt. 83. Ms. O'Brien has served only a small portion of her sentence, and she is not scheduled to be released until 2033; thus, releasing her now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Ms. O'Brien early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Ms. O'Brien's motion for compassionate release, dkt. [141], is **denied.**

**SO ORDERED.**

Date: 10/18/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Distribution:

Connie O'Brien
Reg. No. 16668-028
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV  26525

All Electronically Registered Counsel