UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00367-JPH-MJD |
| | ) | |
| CONNIE O'BRIEN | ) | |
| a/k/a CONNIE LEE O'BRIEN, | ) | -01 |
| | ) | |
| Defendant. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that the motion is:

☒ **DENIED**.

☐ **DENIED WITHOUT PREJUDICE**.

☐ **OTHER**:

☒ **FACTORS CONSIDERED**: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00367-JPH-MJD |
| | ) | |
| CONNIE O'BRIEN | ) | |
| a/k/a CONNIE LEE O'BRIEN, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Connie O'Brien has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 167. For the reasons explained below, her motion for compassionate release is **DENIED**.

**I.**
**Background**

In 2019, Ms. O'Brien pled guilty to one count of conspiracy to possess with intent to distribute and/or distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkts. 87, 88. According to the presentence investigation report, Ms. O'Brien conspired to sell methamphetamine with her co-defendant. Dkt. 83. The amount of methamphetamine reasonably foreseeable to Ms. O'Brien was at least 150 grams

of actual methamphetamine. The Court sentenced Ms. O'Brien to 204 months of imprisonment and 10 years of supervised release. Dkt. 88.

The Bureau of Prisons ("BOP") lists Ms. O'Brien's anticipated release date as May 22, 2032. *See* https://www.bop.gov/inmateloc/ (last visited October 13, 2026).

This is the third time Ms. O'Brian has sought compassionate release. *See* dkt. 137 (July 22, 2021, Order denying motions without prejudice); dkt. 155 (October 18, 2022, Order Denying Motion for Compassionate Release). In the present motion, Ms. O'Brien argues that the Court should reduce her sentence to time served because she establishes extraordinary and compelling reasons for compassionate release within the meaning of § 3582(c)(1)(A)(i). She argues that a sexual assault by a prison guard and serious medical issues are extraordinary and compelling reasons for her release. Dkt. 167. The United States opposes her release. Dkt. 172.

## II.
## Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th

Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Ms. O'Brien offers two potentially extraordinary and compelling reasons for release: (a) that she was assaulted by a member of the prison staff while in the Indiana Department of Correction[1] and (b) she has significant medical issues caused by the assault in addition to other serious chronic health issues.

As to the assault claim, the United States Sentencing Guidelines provide that being a victim of sexual abuse "committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant" can qualify as an extraordinary and compelling reason for purposes of § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13(b)(4). However, the abuse must have occurred "while [the defendant was] in custody serving the term of imprisonment sought to be reduced." *Id.* According to her motion, Ms. O'Brien was assaulted by a guard in an Indiana Department of Correction facility in 2011, before her current term of

[1] Ms. O'Brien states she was assaulted while serving a sentence at the Indiana State Prison. Dkt. 167 at 3-4. That facility houses male defendants, so the Court understands her to refer to a different Indiana Department of Correction facility.

imprisonment started in 2019. Dkt. 167 at 3 and 11. Moreover, Ms. O'Brien has not met another requirement of the guidelines. The misconduct alleged "must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger" *Id.* Ms. O'Brien presents no evidence that the requisite findings of misconduct occurred. Therefore, she does not qualify for relief under the terms of the statute. Ms. O'Brien argues, however, that she qualifies under the Guidelines' catch-all provision, which allows the court to consider any "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." § 1B1.13(b)(5). Thus, the Court considers whether Ms. O'Brien's claim of sexual assault combined with her medical conditions could collectively qualify as extraordinary and compelling reasons.[2]

The United States Sentencing Guidelines provide medical circumstances of the defendant as potentially extraordinary and compelling reasons for compassionate release; however, they must be either terminal, or the seriousness of the medical condition must "substantially diminish[ ] the ability

---

[2] The government argues that because the 2011 assault is an "unproven allegation" that Ms. O'Brien did not disclose until 2022, it is not "similar in gravity" as to fall under the catch-all provision. Dkt. 172 at 11. Ms. O'Brien's records indicate that she has discussed the assault by an Indiana correctional officer with both mental health providers and other medical providers as it relates to her prolapse injury. Thus, the Court will assume for purposes of this Order that the assault indeed occurred and that it would have a similarly traumatizing impact as an assault that occurred at the BOP.

of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13(b)(1). The Court previously acknowledged that Ms. O'Brien suffered from several chronic medical issues including COPD, emphysema, sleep apnea, asthma, high blood pressure, PTSD, ADHD, dissociative disorders, compulsive disorders, and a hernia. Dkt. 155 at 3. The Court found that these conditions were sufficiently managed in the BOP and Ms. O'Brien had not shown that she could not care for herself. *Id.* at 5. In her renewed motion, Ms. O'Brien asserts that—in addition to COPD and asthma—she sustained an anal prolapse as a result of the sexual assault that required surgery in 2011, and that she sustained a reinjury that required medical care in an emergency room in 2022. Dkt. 168 at 24, 194. Ms. O'Brien asserts that she continues to need care for this injury and "will have to go through painful surgery and always have the fear of reaggravating the injury and going through it all again, with each time serving as a painful reminder of what has happened to her." Dkt. 167 at 11. But Ms. O'Brien does not cite to any medical record indicating that surgery has been ordered, and the United States was not able to find any record related to an impending surgery. Dkt. 172 at 14.

Rather, Ms. O'Brien's medical records reflect that she receives consistent care for her chronic conditions and that they are well managed. *See, e.g.*, dkt. 173-2 at 18 (describing medications prescribed to manage COPD); dkt. 168-1 (describing extensive mental health care for PTSD related to history of sexual assaults). Additionally, although Ms. O'Brien also discusses suffering from

hepatitis, her medical records show that hepatitis C was resolved through treatment in the BOP, and there is no indication that she requires treatment for hepatitis at this time. Dkt. 173-2 at 44, 68. While the Court sympathizes with Ms. O'Brien's medical issues, they are not terminal and appear to be well managed in the BOP.

Finally, even if the Court were to assume that Ms. O'Brien's history of sexual trauma combined with her chronic medical issues constituted extraordinary and compelling reasons, the Court would nevertheless find that Ms. O'Brien is not entitled to release because the sentencing factors under 18 U.S.C. § 3553(a) do not weigh in her favor.

The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Weighing in Ms. O'Brien's favor are her medical issues and abuse allegations. Ms. O'Brien has also participated in rehabilitative programs while incarcerated, and while that is commendable, it is what is expected of her. Additionally, Ms. O'Brien is 60 years old and is thus less likely to recidivate. Dkt. 167 at 13 (citing *The Effects of Aging on Recidivisim Among Federal Offenders- Executive Summary* (2017), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf (last accessed Oct. 14, 2026).

Weighing against her, however, is the nature and seriousness of her crime. Dkt. 83 at 4. Ms. O'Brien had 150 grams of methamphetamine that she provided to her co-defendant to sell in the Indianapolis community. *Id.* She also has a lengthy criminal record consisting of thirteen prior felony convictions and many instances of her parole or probation being revoked. *Id.* at 6-18. Lastly, she still has five and a half more years of her sentence, so releasing her now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Ms. O'Brien now would not: reflect the seriousness of her offense; promote respect for the law; provide just punishment for her offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

## III. Conclusion

For the reasons stated above, Connie O'Brien's motion for compassionate release, dkt. [167], is **DENIED**.

**SO ORDERED.**

Date: 10/20/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

DISTRIBUTION:

Connie O'Brien
Reg. No. 16668-028
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV 26525

All Electronically Registered Counsel